**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CLARENDON NATIONAL INSURANCE     :
COMPANY,
               Plaintiff,     :
                    :
      -against-     :
                    :
HEALTH PLAN ADMINISTRATORS, et al.,     :
                    :
          Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER
08 Civ.6279 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 4 2009

GEORGE B. DANIELS, District Judge:

In an action based on diversity jurisdiction, Plaintiff Clarendon National Insurance

Company ("Clarendon") brings this action against Defendants Health Plan Administrators

("HPA") alleging breach of contract, breach of fiduciary duty, negligence, and indemnification.

In the same action, Clarendon also seeks payment from Defendant J. Kim Walker ("Walker") as

Guarantor, for losses Clarendon allegedly suffered as a result of HPA's actions.  HPA and

Walker (collectively "Defendants") have moved to dismiss Plaintiff's complaint pursuant to Fed.

R. Civ. P. 12(b)(6) for failure to state a claim.   Defendants have also moved, in the alternative,

under Fed. R. Civ. P. 56 for summary judgment.  Defendants' motion to dismiss is denied in part

and granted in part.  Defendants' motion for summary judgment is denied.

### Factual History

Clarendon and HPA entered into a Claims Administration Agreement effective January 1,

2000 ("the CAA") pursuant to which HPA served as Clarendon's agent for the administration of

claims under a short-term health insurance program that HPA had designed, marketed and

distributed.  Clarendon and HPA also entered into a General Agency Agreement which permitted

HPA to serve as general agent to Clarendon for the purpose of issuing and administering policies

under the health insurance program.  Clarendon and HPA subsequently "agreed to amend and restate their rights and obligations under the January 1, 2000 Claims Administration Agreement" and entered into a Claims Administration Agreement dated as of March 1, 2004 (CAA '04).[1]  See CAA '04 Recital D.

Plaintiff alleges that Defendants failed to administer sixteen (16) claims in accordance with applicable law, regulations, and professional standards as required under their agreement. Compl. ¶ 21.  Specifically, Plaintiff alleges that HPA recommended and effected recisions of policies on the basis of allegedly inaccurate statements by the policyholders in their application for insurance. Compl. ¶ 22.  Plaintiff claims that HPA failed to investigate or determine whether such statements had been made with the intent to deceive as required by applicable state law. Id. Plaintiff further alleges that HPA failed to adhere to applicable law relating to pre-existing conditions and/or failed to properly verify coverage.  ¶ 23.  As a result of these actions, Plaintiff filed this action in order to recover losses it incurred from legal action that the affected policyholders brought against Clarendon.  ¶ 24.

### Standard for Dismissal under Fed. R. Civ. P. 12(b)(6) and 56

For purposes of a 12(b)(6) motion, the Court is to liberally construe the complaint, accepting the factual allegations as true, and drawing all reasonable inferences in plaintiff's favor. Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 124 (2d Cir. 2008).  In addition to the factual allegations pled in the complaint, the Court should also consider documents attached to the complaint as exhibits or incorporated into the complaint by reference.  Falso v. Churchville

---

[1]  Plaintiff and Defendants do not agree on which agreement – the CAA or the CAA '04 – applies in the instant action.  In its moving papers, Defendants argue that the CAA '04 controlled HPA's duties and obligations. See Def. Mem. of Law at 1.  Plaintiff originally overlooked the CAA when it drew its complaint and relied on the CAA '04.  However, in its opposition papers, Plaintiff asserts that the CAA applies because "[a]ll of the Subject Policies were issued prior to March 1, 2004." See Pl. Opp. Br. at 5-6.

Chili Cent. Sch., No. 08-1899-cv, 2009 WL 1762804, at *1 (2d Cir. June 23, 2009).  To survive a

Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim

has facial plausibility when the pleaded factual content allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct.

1937, 1949 (May 18, 2009).

      Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there are no

genuine issues of material fact and the movant is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56; Vacold L.L.C. v. Cerami, 545 F.3d 114, 121 (2d Cir. 2008).  In determining whether

there is a genuine issue as to any material fact, the Court is required to resolve all ambiguities

and draw all inferences in favor of the non-moving party. Sec. Ins. Co. of Hartford v. Old

Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).  Summary judgment is also

"strongly disfavored prior to the parties having had an adequate opportunity for discovery."

Park Avenue Bank, N.A. v. Bankasi, No. 93 Civ. 1483, 1995 WL 739514, at *1 (S.D.N.Y. Dec.

13, 1995); see also Verizon N.Y., Inc. v. Global NAPS, Inc., 463 F. Supp. 2d 330, 345 (S.D.N.Y.

2006) ("Pre-discovery summary judgment remains the exception rather than the rule, and will be

granted only in the clearest cases."); Schering Corp. v. Home Ins. Co., 712 F.2d 4, 16 (2d. Cir.

1983) (emphasizing the critical importance of discovery in the summary judgment context).

## Breach of Contract

Plaintiff alleges that HPA breached their claims agreement[2] because they failed to perform their claim administrator duties in accordance with applicable law, regulation, and professional standards. The CAA and CAA '04 both provide that the interpretation and legal effect of the agreements are governed by New York law, and the parties have not argued otherwise. Under New York law, the interpretation of an unambiguous written contract presents a question of law for the Court to resolve without resort to extrinsic evidence. LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 205 (2d Cir. 2005) (quoting Postlewaite v. McGraw-Hill, Inc., 411 F.3d 63, 67 (2d Cir. 2005)). A contract is unambiguous where contract terms have "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan, 7 F.3d 1091, 1095 (2d Cir. 1993). A complete and unambiguous written contract should be enforced according to its terms by reading the document as a whole, and construing it so as to give full meaning and effect to the material provisions. Bailey v. Fish & Neave, 8 N.Y.3d 523, 528 (N.Y. 2007); Beal Sav. Bank, 834 N.Y.S.2d at 47.

Ambiguous contracts are treated differently. "Ambiguity in a contract is the inadequacy of the wording to classify or characterize something that has potential significance. If a contract is ambiguous as applied to a particular set of facts, a court has insufficient data to dismiss a

---

[2] The March 1, 2004 agreement provides that: "The Company and the Administrator agree that any dispute arising under the January 1, 2000 Claims Administration Agreement will be resolved in accordance with the terms of this Agreement." See CAA '04 Recital D. The disagreement over the applicability of the two different contracts, particularly in light of various changes made to contract provisions in the CAA '04, relate to the intention of the parties. When a court must determine the intention of the parties, the case is not dismissible on the pleadings. At this stage of the litigation, neither party has established which contract governed the relationship between the parties.

complaint for failure to state a claim.  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co., 375 F.3d 168, 178 (2d Cir. 2004).  Similarly, "when the meaning of the contract is ambiguous and the intent of the parties becomes a matter of inquiry, a question of fact is presented."  LaSalle Bank Nat'l Ass'n, 424 F.3d at 205.  A claim that is predicated on a materially ambiguous contract term is not dismissible on the pleadings.

In their motion, Defendants urge this Court to dismiss Plaintiff's claims arguing that Clarendon is expressly precluded from recovery since it agreed to hold HPA harmless for any determination issues that Clarendon ultimately made.  Defendants assert that since it was Clarendon that made the ultimate decision, Plaintiff has no standing to bring this action. Defendants' argument, however, requires this Court to interpret various provisions of the contract beyond which it is appropriate to do at the pleading stage.  Indeed, both parties contend that the CAA and CAA '04 agreements are unambiguous on their face, yet they draw different conclusions as to the specific duties the agreements impose.  Defendants, for example, contend that the contract imposed no obligation to consider the law, and asserts that it fully determined and evaluated coverage issues as required under the terms of the contract.  Defendants argue that Plaintiff's allegations would require Clarendon to have acted like a law firm.  In support of their claims, Defendants point to Article 2.7(c) of the CAA '04 which states:

> The administrator shall not give, or be required to give, any legal opinion, or provide any legal representation, to any Policyholder or to the Company [Clarendon], any legal opinions or representation to be provided only by duly licensed outside counsel, employed for the purpose by the Administrator.

Plaintiff, however, claims that by requiring HPA to administer claims in accordance with applicable law, HPA is not "practicing law" but is acting in accordance with its role as an administrator of claims and/or adjuster in the states where the health insurance programs

operated.[3] Plaintiff asserts that HPA made a recommendation to rescind certain policies based on alleged misrepresentations in insurance applications but failed to investigate whether the policyholders had the intent to deceive – a requirement in certain states.[4] Since Plaintiff's claim is predicated on an interpretation of the contract provisions, the complaint is not dismissible on the pleadings.[5]

### Breach of Fiduciary Duty and Negligence

Defendants assert that Plaintiff's breach of fiduciary duty and negligence claims should be dismissed as duplicative of the breach of contract claim. A contracting party may be charged with separate tort liability if it arises from a breach of duty that is distinct from the breach of contract. Metropolitan West Asset Management, LLC v. Magnus Funding, Ltd., No. 03 Civ. 5539(NRB), 2004 WL 1444868, at *8 (June 25, 2004 S.D.N.Y.);Bouquet Brands Div. of J & D Food Sales, Inc. v. Citibank, N.A., 97 A.D.2d 936, 937 (3d Dep't 1983). If "a tort claim does no more than assert violations of a duty which is identical to and indivisible from the contract obligations which have allegedly been breached, the tort claim cannot be sustained." Metropolitan West Asset Management, LLC, 2004 WL 1444868, at *9.

---

[3] Both the CAA and the CAA '04 contain a hold harmless provision. Article 3.2 of the CAA entitled Loss Coverage states in part: "When the Administrator denies coverage and such denial is not fully based on the Claims Standard, the Administrator shall be liable. . . ." Article 4.2 of the CAA '04, also entitled Loss Coverage, states in relevant part: "Administrator denies coverage and such denial is not fully based on applicable law, the terms of the Policies or the Company's explicit written instructions, the Administrator shall be liable. . . ."

[4] Article 2.1(b) of the CAA '04, for example, states: "The Administrator shall administer and adjust all claims arising under the policies in compliance with all governmental statutes, rules, or regulations of any applicable jurisdiction."

[5] The contract provisions concerning indemnification and the guarantor obligations fair no better. Both the CAA and the CAA '04 contain an indemnification provision that provides, among other things, that HPA shall indemnify Clarendon if HPA failed to administer its duties under the terms of the contract. HPA's specific obligations under the contract, however, must first be established. As for Plaintiff's claim against the Guarantor, the parties agree that the guarantee provision at issue was only present in the CAA and not CAA '04. A determination must first be made as to which agreement is controlling. As such, Defendants' motion to dismiss and motion for summary judgment on the indemnification and Guarantor claims is also denied.

To prevail on a breach of fiduciary duty claim, a plaintiff must prove: "(1) a fiduciary duty existing between the parties; (2) the defendant's breach of that duty; and (3) damages suffered by the plaintiff which were proximately caused by the breach." Metropolitan West Asset Management, LLC, 2004 WL 1444868, at *26.  However, if a claim for fiduciary duty is premised on the same facts and seeking the identical relief, the claim for fiduciary duty is redundant and should be dismissed. Nordwind v. Rowland, Civ. No. 04-9723, 2007 WL 2962350, at *4 (S.D.N.Y. Oct. 10, 2007).

To establish a negligence claim, a Plaintiff must demonstrate: "(1) the defendant owed the plaintiff a cognizable duty of care as a matter of law; (2) the defendant breached that duty; and (3) plaintiff suffered damage as a proximate result of that breach." Metropolitan West Asset Management, LLC, 2004 WL 1444868, at *26.  If a plaintiff alleges acts or omissions that are based solely on provisions of a contract, their negligence claim must fail as duplicative. Id.

Here, the breach of fiduciary duty and negligence claims arise from the same alleged conduct that form the basis of its breach of contract claim.  Plaintiff also seeks the same amount of damages for these claims as they seek for their breach of contract claim.  For each of its claims, Plaintiff alleges that Defendant failed to properly "administer, adjust, and pay" the claims for the policies at issue.  Compl. ¶¶ 27, 30, 33.  Plaintiff fails to cite an independent fiduciary duty[6] separate from the CAA or CAA '04.  Similarly, the allegations supporting the negligence claim are duplicative of the alleged breach of contract claim.  Accordingly, Defendant's motion to dismiss Plaintiff's breach of fiduciary duty and negligence claims is granted.

---

[6] In their opposition papers, Plaintiff argues that "[a] fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of the another upon matters within the scope of the relation." Pl. Opp. Br. at 10.  Plaintiff's argument ignores the fact that HPA's duty to Clarendon arose solely out of the contractual obligations contained in the CAA and CAA '04.

### **Conclusion**

Defendants' motion to dismiss the breach of contract action, indemnification, and guarantor claims is denied.  Defendants' motion to dismiss the breach of fiduciary duty and negligence claims is granted.  Defendants' motion for summary judgment is denied in its entirety.

Dated: New York, New York
      September 24, 2009

SO ORDERED:

GEORGE B. DANIELS
United States District Judge